UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ROY LUKE SUTHERLAND, JR.                                        PETITIONER

v.                                          CIVIL ACTION NO. 3:17-CV-P111-JHM

WARDEN AARON SMITH                                              RESPONDENT

## MEMORANDUM OPINION

Petitioner Roy Luke Sutherland, Jr., filed this *pro se* action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus (DN 1). The matter is currently before the Court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. On May 11, 2017, the Court directed Petitioner to show cause why his petition should not be denied and his action dismissed as untimely (DN 9), and Petitioner has now responded (DN 10). For the reasons set forth below, the Court will dismiss this action as time-barred.

## I.

On November 30, 1979,[1] Petitioner pled guilty to murder and rape in the first degree and was sentenced to life imprisonment plus 40 years in Jefferson Circuit Court. Petitioner indicates that he appealed these convictions to both the Kentucky Court of Appeals and the Supreme Court of Kentucky, but he does not provide the dates these appeals were decided.[2] Petitioner also indicates that he filed a motion for relief from judgment pursuant to Rule 60.02 of the Kentucky Rules of Civil Procedure in 2016. This motion and his accompanying request to proceed *in forma pauperis* were denied by the Jefferson Circuit Court on June 3, 2016. The Kentucky Court

---

[1] Petitioner indicates on the petition form that he was convicted and sentenced by the Jefferson Circuit Court on October 30, 1981, but the Circuit Court decision denying his Rule 60.02 motion, which Petitioner attached to his petition, states that Petitioner pled guilty to murder and rape on November 30, 1979.
[2] The dates Petitioner provides for his direct appeal actually appear to be the dates he appealed the Jefferson Circuit Court's decision denying his request to proceed *in forma pauperis* in relation to his Rule 60.02 motion.

of Appeals denied Petitioner's appeal of the Circuit Court's decision denying his motion to proceed *in forma pauperis* on September 8, 2016, and his motion to reconsider this decision on January 3, 2017.

Because the petition now before the Court was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Generally, "[p]etitioners whose convictions became final prior to the effective date of AEDPA, April 24, 1996, have one year from the effective date in which to file their petitions."

*Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001); *see also Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (noting that prisoners convicted before AEDPA's effective date had until April 24, 1997, to file a federal habeas petition).

Here, Petitioner does not dispute that he was convicted of rape and murder more than 30 years ago. He first argues that his petition is not untimely because "the statute of limitations applied in this case should not apply to the case from 1979 but should apply to the final action taken before the trial courts in 2016." However, the filing of a Rule 60.02 post-conviction motion does not restart the one-year statute of limitations for filing a federal habeas petition. *Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003). While a collateral challenge to a state conviction can toll the statute of limitations, "the tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Id*. at 602 (quoting *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y 1998)) (internal quotation marks omitted). Thus, when Petitioner sought post-conviction relief from the Jefferson Circuit Court in 2016, there was nothing left of the one-year statute of limitations to toll. This argument is, therefore, without merit and, as such, the Court finds that the petition is barred by AEDPA's statute of limitations.

However, Petitioner also argues that that his petition should not be dismissed because he is entitled to equitable tolling. A litigant "is 'entitled to equitable tolling' if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The [movant] bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir.

3

2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly." *Id.* at 1008-09.

Petitioner argues that he is entitled to equitable tolling because he has been transferred to multiple institutions during the 38 years he has been incarcerated by the Kentucky Department of Corrections. Petitioner states that as a result of these transfers, he has "handed his records to over (15) legal aids who have also been transferred suddenly and without prior warning which resulted in all the Petitioner's legal files being sent as well." He also states that he has been placed in segregation over "20 times." Petitioner continues: "Petitioner has taken every action he could to recover his files and is still attempting recovery through the Jefferson County Archives and Clerks of the Courts." Petitioner reiterates that he had "no control of being transferred all over Kentucky where his legal files are scattered accordingly."

Courts have consistently held that general allegations of transfers, placement in segregation, and lack of access to legal materials are not exceptional circumstances warranting equitable tolling, especially where a petitioner does not sufficiently explain or present evidence demonstrating why the circumstances he describes prevented him from timely filing a habeas petition. *See, e.g., United States v. Cicero*, 214 F.3d 199, 205 (D.C. Cir. 2000) (deciding that, in the context of a § 2255 petition, equitable tolling was not warranted where petitioner entrusted his legal papers to another inmate who was placed in segregation, thus separating petitioner from his own legal documents). *Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007) (finding equitable tolling not warranted where petitioner alleged that he was denied access to the law library and his legal records, but failed to show "how his inability to obtain legal materials thwarted his efforts to file a timely federal proceeding"); *United States v. Fredette*, 191 F. App'x 711, 713 (10th Cir. 2006) (finding that petitioner was not entitled to equitable tolling of his

4

§ 2255 petition, despite his transfer to as many as six different facilities, because even if petitioner was denied access to legal materials in violation of his constitutional right of access to the courts, he failed to show how the transfers affected his ability to file timely); *Campbell v. Roberts*, 143 F. App'x 110, 113 (10th Cir. 2005) (finding that petitioner's allegation of inadequate access to legal materials was insufficient to account for the approximately five-year delay in filing his petition); *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002) ("Transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances.").

In light of this jurisprudence and the fact that the statute of limitations in this case expired approximately 20 years ago, the Court concludes that Petitioner has not demonstrated grounds for equitable tolling and, therefore, holds that this § 2254 challenge to his convictions is time-barred.

**II.**

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies a habeas petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484. If the petition was denied on procedural grounds, both showings must be made before a certificate of appealability

should issue and the matter be heard on appeal. *Id*. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In such a case, no appeal is warranted. *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its procedural ruling to be debatable. Thus, a certificate of appealability must be denied.

### III.

The Court will enter an Order consistent with this Memorandum Opinion.

Date: June 22, 2017

*[signature]*

Joseph H. McKinley, Jr., Chief Judge
**United States District Court**

cc: Petitioner, *pro se*
Respondent
Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601

4414.011